5
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7311 Greenhaven Drive #100
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:                                    CASE NO. 08-20445-E-13C

MARK MINASIAN

CINDY MINASIAN,                           ADV. NO.

    Debtors
_____/

MARK MINASIAN

CINDY MINASIAN,

    Plaintiffs,

v.

CLC CONSUMER SERVICES

    Defendants
_____/

**COMPLAINT TO DETERMINE VALUE AND EXTENT
OF LIEN (NO MONETARY RECOVERY SOUGHT)
AND ATTORNEY FEES AND COSTS**

    1.   Plaintiffs filed an original petition for relief under Chapter 13 of the Bankruptcy Code on 1/14/08.

    2.   This adversary proceeding is brought in connection with Plaintiffs' case under Chapter 13 of Title 11, case number 08-20445-E-13C.

    3.   This Court has jurisdiction over this proceeding

pursuant to 28 U.S.C. Section 157(b)(2)(K) and (L).

4.  In Debtors' bankruptcy schedules, they list a residence commonly known as 3847 Hillcrest Lane, Sacramento, California with a fair market value of $270,000.00.

5.  There exists a first deed of trust recorded and secured by a promissory note in favor of Countrywide/BAC Home Loan/Bank of America ("BAC").  The amount owed to BAC is approximately $274,400.00.

6.  There existed a Sacramento County Tax Lien in the approximate amount of $2,000.00, owing at the date of the bankruptcy filing.

7.  With a fair market value of $270,000.00, there is no equity value in excess of the first deed of trust.

8.  Defendant, CLC Consumer Services ("CLC") holds a second deed of trust recorded against the Debtors' residence purporting to secure a promissory note with an approximate balance of $118,592.34.

9.  As there is no equity value in the Debtors' residence and above the first deed of trust, the deed of trust held by CLC is wholly unsecured and not secured by the Debtors' residence and has no value.

10. On or about 1/22/08, CLC was noticed of the bankruptcy filing by the Bankruptcy Noticing Center.

11. On 1/31/08, CLC was served with the Chapter 13 Plan, which included the Motion to Value Collateral.

12. On 2/21/08, the Chapter 13 Trustee conducted and concluded a Meeting of Creditors.

13. On 3/7/08, this Court entered an Order Confirming Plan.

14. On 4/11/08, Plaintiffs/Debtors filed a Motion to Value Collateral of CLC.

15. On 5/15/08, the Motion to Value Collateral of CLC was granted by this Court.

16. On 8/8/08, the Trustee filed a Notice of Filed Claims, which included claim #8, a proof of claim filed by CLC.

17. On 7/14/11, the Debtors filed a Motion for Entry of Discharge pursuant to 11 U.S.C. 1328.

18. On 8/29/11, this Court entered a Civil Minute Order granting debtors request for discharge of debts.

19. Included in the debts discharged is the claim of CLC.

20. On 8/29/11, this Court noticed all creditors of the Discharge of Debtors After Completion of Chapter 13 Plan.

21. On 9/7/11, this Court entered a Final Decree in the underlying chapter 13 case.

22. On 7/13/11, counsel for debtors notified Defendant that the debtors' case was paid in full and set to be discharged in the next thirty (30) days.

23. On 9/28/11, counsel for debtors notified Defendant a second time that the debtors case was paid in full and had been discharged.

24. On 10/25/11, counsel for debtors notified Defendant a third and final time that the debtors have paid in full and had been discharged.

25. On 1/1/11, counsel for debtors called CLC, requesting to speak to a Ms. Kristina Walton, Senior Asset Specialist, whom

signed the proof of claim filed in this case, to inform her that CLC had not responded to debtors request for release of lien.

26. Pursuant to California Civil Code ("C.C.C.") 2941(a), thirty (30) days having passed after the satisfaction of the mortgage by discharge in case 08-20445-E-13C, CLC has failed to execute a certificate of the discharge thereof, as provided in Section 2939, nor has recorded or cause to be recorded, with the Sacramento County Recorder.

WHEREFORE, Debtors pray for relief as follows:
1. That the Court issue an Order finding the deed of trust recorded by CLC to be a unsecured lien and therefore to be treated as an unsecured claim that was discharged in the completed Chapter 13 case;
2. That the Court issue an Order finding that the deed of trust recorded by CLC has no further force and effect as a secured lien against the Debtors' residential real property;
3. That pursuant to C.C.C. 2941(b)(2), seventy-five (75) days having passed, CLC having failed to execute, record or cause to be recorded, the full reconveyance thereby authorizes this Court, pursuant to Section 2934(a) to execute and acknowledge a substitution of Trustee and issuance of a full reconveyance, thereby authorizing a title insurance company to prepare and record a release of the obligation.
4. That the Court order attorney fees and costs in bringing this action;
6. That Debtors have such other and further relief as may be

deemed just.

Respectfully Submitted,

Date: 12-8-11          /s/ Peter G. Macaluso
                       Peter G. Macaluso, Attorney at Law